| | | |
|---|---|---|
| THOMAS WAYNE HANSFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| AMANDA COBB, | ) | |
| | ) | |
| Respondent.[1] | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Thomas Wayne Hansford's pro se

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the

Court are Petitioner's Motion to proceed in forma pauperis (Doc. No. 2) and Motion for

Appointment of Counsel (Doc. No. 3).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who pled guilty on August 18,

2016, by entering an Alford plea in Mecklenburg County Superior Court to one count of

trafficking methamphetamine. The trial court sentenced him to an active term of 70-93 months'

imprisonment. (§ 2254 Pet. 1, Doc. No. 1.) Petitioner did not file a direct appeal.

On April 21, 2017, he filed a motion for appropriate relief ("MAR") in the trial court,

which was denied on the merits on April 27, 2017. (Order Den. MAR, Doc. No. 1-1 at 23-24.)

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Amanda Cobb, Superintendent of the Dan River Prison Work Farm, is the proper respondent in this habeas action.

Between those two dates, Petitioner filed a "Supplemental MAR," which the trial court denied on

May 3, 2017. (Order Den. Suppl. MAR, Doc. No. 1-1 at 37-39.)

Next, Petitioner filed a petition for writ of certiorari in the North Carolina Court of

Appeals on April 13, 2018. See Cert. Pet., Hansford v. North Carolina, P18-241 (N.C. Ct. App.

Apr. 3, 2018) Doc. No. 1.[2]  It was dismissed on April 17, 2018, "due to failure to attach

necessary supporting documents. See N.C.R. App. P. 21(c)." See Spec Order, id., Docket Sheet.

Petitioner filed the instant federal habeas Petition on May 4, 2018, when he placed it in

the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). He claims he was

denied the effective assistance of counsel when trial counsel represented him at the plea hearing

after withdrawing as his attorney, and because counsel refused to raise any issues Petitioner

requested. He also claims law enforcement installed a GPS tracking device and a "listening"

device in his car in violation of the Fourth Amendment. Finally, he claims that his right to due

process was violated because the judge who accepted his Alford plea and sentenced him also

signed the warrant authorizing installation of the GPS device.

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, which directs district courts to dismiss habeas petitions when it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the

power to raise affirmative defenses sua sponte," including a statute of limitations defense under

---

[2] Available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://www.ncappellatecourts.org (last checked Dec. 11, 2018).

28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss

a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and

the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

### III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of

limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28

U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review
       or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action
       in violation of the Constitution or laws of the United States is removed, if the
       applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by
       the Supreme Court, if the right has been newly recognized by the Supreme
       Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could
       have been discovered through the exercise of due diligence.

Id.  The limitations period is tolled during the pendency of a properly filed state post-conviction

action.  28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on August 18, 2016, when Petitioner was sentenced.

To the extent he retained the right to a direct appeal after entering his plea, Petitioner had 14

days to file a notice of appeal in the North Carolina Court of Appeals.  See N.C. R. App. P.

4(a)(2).  Because he did not file a direct appeal, Petitioner's conviction became final on or about

September 1, 2016, when the time for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 232 days until April 21, 2017, when

Petitioner filed his MAR in the trial court.  The statute of limitations tolled until May 3, 2017,

when the trial court denied Petitioner's Supplemental MAR.

The limitations period did not toll during the eleven months it took Petitioner to file his certiorari petition in the North Carolina Court of Appeals. The statute of limitations is tolled only while a *properly filed* application for post-conviction relief is pending in state court. See § 2244(d)(2). An application for post-conviction relief is "properly filed" within the meaning of the statute when its delivery and acceptance are in compliance with the applicable state laws and rules governing filings, which usually prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The North Carolina Court of Appeals dismissed Petitioner's certiorari petition because it failed to comply with North Carolina Rule of Appellate Procedure 21(c), which requires, in relevant part, that the petition contain "certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition," id. See Spec Order, Hansford, P18-241, Docket Sheet. Because Petitioner's certiorari petition failed to comply with Rule 21(c), it was not "properly filed" within the meaning of § 2244(d)(2), see Artuz, 531 U.S. at 8, and the federal statute of limitations did not toll.

Consequently, the statute of limitations began to run again after the trial court denied Petitioner's Supplemental MAR and continued for 133 days until it fully expired on or about September 17, 2017, almost eight months before Petitioner filed the instant § 2254 Petition. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631,

4

649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts that his lack of access to legal resources and his own ignorance of the law contributed to the lateness of his filing. "[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)). The Court notes Petitioner filed his MAR in a timely manner without access to legal resources and despite his ignorance of the law; he offers no explanation for why it took him more than eleven months to seek review of the denial of his MAR.

Finally, Petitioner blames the lateness of his filing, in part, on the fact that his attorney withdrew from representation on the same day judgment was entered. Petitioner alleges counsel withdrew prior to the plea hearing without telling him but then appeared as his counsel at the plea hearing and represented him throughout. According to Petitioner, he did not learn counsel had withdrawn until the Mecklenburg County Clerk of Court "accidently" sent him a copy of

5

counsel's motion and the trial court's order granting it. Petitioner does not provide the date on which he received the motion and order. He asserts, however, that had counsel not withdrawn, he could have asked for a direct appeal and could have filed an immediate MAR.

While the evidence shows counsel filed a motion to withdraw on the same day judgment was entered in Petitioner's case, there is no evidence before this Court that counsel filed his motion, or that the presiding judge signed it, prior to the plea hearing or entrance of judgment. (Mot. to Withdraw, Doc. No. 1-1 at 46.) In other words, there is no visible time stamp on the document Petitioner has submitted. (Id.)

Petitioner's other assertions are nonsensical. Counsel's withdrawal would not have prevented Petitioner from asking him to enter notice of appeal or to file an MAR unless Petitioner knew counsel had withdrawn, and he denies having that knowledge. Whether counsel would have done either had Petitioner asked, is beside the point.[3] At a minimum, Petitioner would have been on notice that his attorney had withdrawn, and he could have entered a notice of appeal on his own, just as he timely filed an MAR on his own. Petitioner fails utterly to explain the connection between counsel's withdrawal and his own failure to file a timely petition for writ of certiorari that complied with the North Carolina Rules of Appellate Procedure or his failure to timely file a federal habeas petition.

## IV.  CONCLUSION

The § 2254 Petition is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling. Accordingly, the Petition is time-barred and shall be dismissed as such.

---

[3] Under North Carolina law, "[a]n attorney who enters a criminal proceeding without limiting the extent of his representation pursuant to G.S. 15A-141(3) undertakes to represent the defendant for whom the entry is made at all subsequent stages of the case *until entry of final judgment*, at the trial stage. N.C. Gen. Stat. 15A-143 (emphasis added).

Petitioner's Motion to Proceed In Forma Pauperis shall be granted, and his Motion for

Appointment of Counsel shall be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely, <u>see</u> 28 U.S.C. § 2244(d)(1)(A);

2) Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

3) Petitioner's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED** as moot;

4) The Clerk of Court is directed to replace Mike Slagel with Amanda Cobb as Respondent in this action: and

5) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 26, 2019

Frank D. Whitney
Chief United States District Judge